IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NATHAN BLANEY, an individual,<br><br>Plaintiff,<br><br><br>v.<br><br><br>3C TRUCKING and ESP EXCAVATION, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ENTRY OF DEFAULT**<br><br><br>Case No. 2:25-cv-01039-TC<br><br><br>Judge Tena Campbell |

Before the court is a motion for entry of default against Defendant 3C Trucking filed by

Plaintiff Nathan Blaney. (ECF No. 19.) Mr. Blaney filed an Amended Complaint on

January 16, 2026. (ECF No. 10.) On January 20, 2026, Mr. Blaney sent 3C Trucking a waiver

of service form, which 3C Trucking signed and filed. (ECF No. 14.) Accordingly, 3C Trucking

was required to respond to the Amended Complaint by March 23, 2026. See Fed. R. Civ. P.

4(d)(3) (allowing 60 days after a waiver of service is sent for a defendant who waives service to

respond); Fed. R. Civ. P. 6(a)(1)(C) (extending a time period that ends on a weekend to the end

of the next day that is not a Saturday, Sunday, or legal holiday). 3C Trucking failed to respond

by that date, and Mr. Blaney then filed a motion for entry of default on April 14, 2026. (ECF

No. 19.) On that date, counsel for 3C Trucking entered a notice of appearance (ECF No. 20).

And on April 29, 2026, 3C Trucking filed a memorandum in opposition to the motion for entry

of default. (ECF No. 24.)

1

For the following reasons, the court denies the motion.

**LEGAL STANDARD**

Entry of a default judgment under Rule 55 of the Federal Rules of Civil Procedure is a two-step process. See Meyers v. Pfizer, Inc., 581 F. App'x 708, 710 (10th Cir. 2014). If a defendant fails to timely respond to the complaint after proper service, a plaintiff may request entry of a default by the court clerk, who then decides whether to enter a default. Id. (citing Fed. R. Civ. P. 55(a)). "If the clerk enters a default, the plaintiff can ask the court to grant a default judgment." Id. (citing Fed. R. Civ. P. 55(b)(2)). A trial court has broad discretion in deciding whether to enter a default judgment. Galloway v. Hadl, No. 07-3016-KHV, 2008 WL 5109758, at *1 (D. Kan. Dec. 2, 2008) (citing Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987)).

A court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). "[T]he good cause required [under Rule 55(c)] for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment [under Federal Rule of Civil Procedure 60(b)]." Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997).

When considering whether it is appropriate to enter default against a defendant who has since appeared to defend the action, the court examines the same factors the court considers when determining whether to set aside an entry of default, including "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." Guttman v. Silverberg, 167 F. App'x 1, 3 (quoting In re Dierschke, 975 F.2d 181, 183 (5th Cir. 1992)).

2

**ANALYSIS**

3C Trucking argues that Mr. Blaney improperly seeks default judgment without first obtaining a default certificate.  That argument is incorrect, as Mr. Blaney has only moved for the entry of default at this time.  Should the court enter a default certificate, Mr. Blaney then requests that he be allowed to file a motion for default judgment within 14 days or that the court otherwise set a hearing to determine damages.  (ECF No. 19 at 4.)  Mr. Blaney has therefore followed the appropriate two-step process to obtain default judgment against a defendant under the Federal Rules of Civil Procedure.

Nevertheless, the court finds that the entry of default against 3C Trucking is not warranted.  3C Trucking has now entered an appearance, filed a response to Mr. Blaney's motion for entry of default, and expressed its desire to defend against the claims in this suit.  Specifically, 3C Trucking maintains that it is a small trucking company owned by Colton and Chandler Christensen and that the company employs two individuals.  (ECF No. 24 at 2.)  According to 3C Trucking, the company's first legal dispute occurred when Mr. Blaney filed a Charge of Discrimination with the Utah Antidiscrimination and Labor Division (UALD).  (Id. at 2–3.)  The Christensens represented their company themselves during that administrative proceeding and were not required to obtain counsel.  (Id. at 3.)  When they received notice of the federal lawsuit, they again believed they could represent their company themselves.  (Decl. Colton K. Christensen, ECF No. 24-1 at ¶ 3.)  Mr. Christensen signed the waiver of service form but did not understand that he must file a responsive pleading within 60 days.  (Id. ¶ 6.)  Upon receiving an email from Mr. Blaney's counsel on April 2, 2026, in which the Plaintiff expressed his intent to seek a default certificate, Mr. Christensen began the process of retaining counsel.  (Id. ¶¶ 10–12.)  As noted above, 3C Trucking's counsel entered a notice of appearance on

3

April 14, 2026.

Given these representations, the court finds no indication that 3C Trucking defaulted willfully. The company has limited legal experience, it previously demonstrated its intent to defend against Mr. Blaney's claims by participating in the UALD administrative process, and it promptly sought to retain counsel upon learning of its error. Moreover, the court finds that Mr. Blaney will not be prejudiced by the short delay because the lawsuit remains in its early stages. Indeed, Mr. Blaney also alleges claims against another defendant in this action, ESP Excavation, Inc., who has filed a motion to dismiss. (ECF No. 16.) Because the parties completed the briefing only recently, the court has not yet had time to rule on that motion. Accordingly, any delay caused by 3C Trucking's failure to file a timely response to the Amended Complaint is minimal.

Finally, the court finds that 3C Trucking may present a meritorious defense. Although 3C Trucking did not raise this argument in its response to Mr. Blaney's motion for entry of default, the court has an obligation to ensure that it possesses subject matter jurisdiction over a lawsuit. See Fed. R. Civ. P. 12(h)(3) (requiring a court to dismiss an action if it determines "at any time" that it lacks subject matter jurisdiction); see also Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986) (holding that, before entering default judgment, the court has "an affirmative duty to look into its jurisdiction both over the subject matter and the parties").

Here, 3C Trucking maintains that the company has two owners and employs two employees. It is therefore unclear whether 3C Trucking meets the statutory definition of employer under either Title VII of the Civil Rights Act or the Americans with Disabilities Act (ADA). See 42 U.S.C. § 2000e (defining an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty

4

or more calendar weeks in the current or preceding calendar year"); id. § 12111 (same).  While the court has not yet considered Mr. Blaney's arguments about whether 3C Trucking and ESP Excavation, Inc. are joint employers, the court finds good cause to deny Mr. Blaney's motion for entry of default and allow 3C Trucking to respond to the Amended Complaint.  See Guttman, 167 F. App'x at 2 (holding that the lack of subject matter jurisdiction constitutes good cause to set aside an entry of default).[1]

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1.      The Plaintiff's Motion for Entry of Default (ECF No. 19) is DENIED.

2.      Defendant 3C Trucking must respond to the Amended Complaint within 14 days from the date of this order.

DATED this 26th day of May, 2026.

BY THE COURT:

Tena Campbell
United States District Judge

---

[1] Whether 3C Trucking meets the statutory definition of an "employer" under Title VII or the ADA may more appropriately relate to whether the Plaintiff has adequately stated a claim for relief (rather than whether the court has subject matter jurisdiction over the claims).  The court has not yet received briefing on this question and either formulation presents a potentially meritorious defense.